IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERESA R. COLLINS, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| v. | )   Case No. 06-2016-CM |
| | ) |
| MICHAEL P. SCHECKEL, | ) |
| | ) |
|         Defendant. | ) |

## ORDER

This matter comes before the court on the amended motion of Thomas E. Hankins for leave to withdraw (**doc. 14**).[1]

D. Kan. Rule 83.5.5 governing withdrawal of counsel provides:

> An attorney seeking to withdraw must file and serve a motion to withdraw on all counsel of record, and provide a proposed order for the court. In addition, the motion must be served personally or by certified mail, restricted delivery, with return receipt requested on the withdrawing attorney's client. . . . Except when substitute counsel authorized to practice in this court has entered an appearance, withdrawing counsel shall provide evidence of notice to the attorney's client containing (1) the admonition that the client is personally responsible for complying with all orders of the court and time limitations established by the rules of procedure or by court order and (2) the dates of any pending trial, hearing or conference.

---

[1] Mr. Hankins filed his original motion to withdraw on November 18, 2006 (doc. 14). On November 20, 2006, the court denied the motion for reassertion in compliance with D. Kan. Rule 83.5.5 (doc. 15).

The court notes that the instant motion could be granted as unopposed since there has been no timely opposition filed.[2] However, the court will also consider the merits of the motion.

The court finds that Mr. Hankins has provided cause for seeking leave to withdraw. The court also finds that the record reflects that Mr. Hankins has attempted to serve plaintiff with a copy of his amended motion and a notice containing (1) the admonition that the plaintiff is personally responsible for complying with all orders of the court and time limitations established by the rules of procedure or by court order and (2) the dates of any pending trial, hearing or conference.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. The above-referenced motion **(doc. 16)** is granted.

2. Upon the entry of this order, plaintiff shall be personally responsible for complying with all orders of the court and time limitations established by the rules of procedure or by court order and the dates of any pending trial, hearing or conference. Attached is a copy of the scheduling order (doc. 8) entered in this case on July 19, 2006.

---

[2] D. Kan. Rule 7.4 provides that "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."

3.    Copies of this order shall be served on all counsel of record and on plaintiff, Teresa Madrigal-Lopez (formerly known as Teresa Collins), by regular and certified mail at P.O. Box 11535, Fresno, CA 93773-1535.

Dated this 8th day of December, 2006 at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

(Rev. 10/8/04)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERESA R. COLLINS,            )
                              )
            Plaintiff,        )
                              )
v.                            )   Case No. 06-2016-CM
                              )
MICHAEL P. SCHECKEL,          )
                              )
            Defendant.        )

## SCHEDULING ORDER

On July 19, 2006, pursuant to Fed. R. Civ. P. 16(b), the court conducted a scheduling conference in this case with the parties.[1] Plaintiff appeared through counsel, Thomas E. Hankins. Defendant appeared through counsel, Joel W. Riggs.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | September 11, 2006 |
| Defendant's settlement counter-proposal | September 25, 2006 |
| Confidential settlement reports to magistrate judge, with identification of agreed-upon mediator | October 13, 2006 |
| Mediation completed | November 27, 2006 |
| All discovery completed | January 5, 2007 |
| Experts disclosed by plaintiff | October 16, 2006 |
| Experts disclosed by defendant | November 20, 2006 |
| Rebuttal experts disclosed | December 11, 2006 |
| Independent medical examinations | November 15, 2006 |
| Supplementation of disclosures | 40 days before the deadline for completion of all discovery |
| Jointly proposed protective order submitted to court | August 4, 2006 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | August 11, 2006 |
| Motions to join additional parties or otherwise amend the pleadings | September 25, 2006 |
| All other potentially dispositive motions (e.g., summary judgment) | February 12, 2007 |
| Motions challenging admissibility of expert testimony | no later than 28 days before trial |
| Comparative fault identification | September 18, 2006 |
| Final pretrial conference | January 26, 2007, at 9:00 a.m. |
| Proposed pretrial order due | January 16, 2007 |
| Trial | September 4, 2007, at 1:30 p.m. |

**1.     Alternative Dispute Resolution (ADR).**

a.     By **September 11, 2006**, plaintiff shall submit to defendant a good faith proposal to settle the case.  By **September 25, 2006**, defendant shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case.  By **October 13, 2006**, each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the magistrate judge (but not the district judge), a confidential settlement report.  These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method, together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in an ADR process. These reports need not be served upon opposing parties and **shall not** be filed with the Clerk's Office.

b.     Settlement may be enhanced by use of mediation.  Counsel shall provide the name of an agreed-upon mediator to the court, and the scheduled date of the mediation, as part of the above-described confidential settlement reports; if the parties are unable to jointly agree upon a mediator, each shall suggest a mediator and then the court will select a mediator.  The mediation, absent further order of the court, shall be held no later than **November 27, 2006**, before the mediator chosen by the parties or selected by the court.  An ADR report, on the form located on the district's Internet website, must be filed by defense

counsel within five days of the scheduled ADR process (*http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf*).

**2.     Discovery.**

a.     The parties already have exchanged the information and disclosures required by Fed. R. Civ. P. 26(a)(1).  *See* docs. 4 and 7.  The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," as made clear by the advisory committee notes to the 2000 amendments to that rule, this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party.  In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.  *See* Fed. R. Civ. P. 37(c)(1).

b.     All discovery shall be commenced or served in time to be completed by **January 5, 2007**.

c.     The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

d.     No party shall serve more than 50 interrogatories, including all discrete subparts, to any other party.

e.     There shall be no more than 8 depositions by plaintiff and 8 by defendant.

f.  Each deposition shall be limited to 4 hours, except for the deposition of plaintiff which shall be limited to 8 hours. All depositions shall be governed by the written guidelines that are available on the court's Internet website:

*(http://www.ksd.uscourts.gov/attorney/depoguidelines.pdf).*

g.  Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by **October 16, 2006**, and by defendant by **November 20, 2006**. Disclosures and reports by any rebuttal experts shall be served by **December 11, 2006**. The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections. As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good

cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived.  *See* D. Kan. Rule 37.1(b).

    h.    The parties shall complete all Fed. R. Civ. P. 35 physical or mental examinations by **November 15, 2006**.  If the parties disagree about the need for or the scope of such an examination, a formal motion shall be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties and decided by the court before the examination deadline.

    i.    Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served in any event 40 days before the deadline for completion of all discovery.  The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial.  The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement

thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

j.  At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A), (B) & (C).  As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

k.  To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).  Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.  *See* D. Kan. Rule 26.4(b).

l.  Discovery in this case may be governed by a protective order.  If the parties agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by **August 4, 2006**.  Such jointly proposed protective orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  If the parties disagree concerning the need for, and/or the scope or

form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by **August 11, 2006**.

**3.     Motions.**

a.     Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **September 25, 2006**.

b.     During the scheduling conference, defense counsel reported that no motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted would be filed in this case.

c.     All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **February 12, 2007**.

d.     All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than 28 days before trial.

e.     Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).

**4.     Other Matters.**


a. By **September 18, 2006**, any party asserting comparative fault shall identify all persons or entities whose fault is to be compared.

b. Pursuant to Fed. R. Civ. P. 16(d), a final pretrial conference is scheduled for **January 26, 2007, at 9:00 a.m.**, in the U.S. Courthouse, Room 236, 500 State Avenue, Kansas City, Kansas. Unless otherwise notified, the undersigned magistrate judge will conduct the conference. No later than **January 16, 2007**, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_ohara_chambers@ksd.uscourts.gov*. The proposed pretrial order shall not be filed with the Clerk's Office. It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

c. The parties expect the trial of this case to take approximately 3 days. This case is set for trial on the court's docket beginning on **September 4, 2007, at 1:30 p.m.** Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

d. The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

e. The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated this 19th day of July, 2006, at Kansas City, Kansas.


                          s/   James P. O'Hara
                          James P. O'Hara
                          U.S. Magistrate Judge