# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERESA R. COLLINS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 06-2016-CM** |
| ) | |
| MICHAEL P. SCHECKEL, ) | |
| ) | |
| **Defendant.** ) | |
| ——————————————————) | |

## MEMORANDUM AND ORDER

This personal injury action is before the court on Defendant's Motion for Dismissal as Discovery Sanction (Doc. 18).  Defendant argues alternatively that the court should dismiss the case as a discovery sanction or as a sanction for failure to prosecute.  Plaintiff was previously represented by counsel in this case, but she now proceeds *pro se*.  Defendant filed the instant motion after plaintiff failed to appear for an agreed-upon independent medical examination and failed to appear at her deposition.  Plaintiff did not file a response to defendant's motion, and the court ordered her to show cause why the motion should not be granted as uncontested.  Plaintiff did not respond to the court's order, and the court entered a second order to show cause.  Plaintiff also failed to respond to the second order.

The court finds that this case should be dismissed as a sanction for failure to prosecute.  In applying this sanction, the court considers "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (citations omitted).  Here, plaintiff's attorney moved to withdraw as counsel

on November 18, 2006, stating that plaintiff was failing to cooperate in the steps necessary to prosecute the lawsuit.  The court denied the motion for failure to comply with D. Kan. R. 83.5.5, and plaintiff's attorney successfully moved to withdraw for the same reasons on November 21, 2006.  The court granted the motion on December 8, 2006.  Later that same day, defendant filed his motion to dismiss and certified that he sent it to both plaintiff's former attorney and plaintiff individually.  Plaintiff failed to respond in a timely manner, and on January 11, 2007, the court ordered plaintiff to show cause by January 19, 2007 why the motion should not be considered as uncontested.  The court sent the order by certified mail on January 11, 2007.  The certified mail receipt shows that the court's order was delivered on January 24, 2007.  Although plaintiff did not respond to the order in a timely manner, the record indicated that she did not receive the order by certified mail until after the deadline for responding.  The court therefore gave plaintiff one more opportunity to show cause by March 14, 2007 why the motion should not be granted.  The court's order, which was again sent by certified mail on February 28, 2007, was returned as undeliverable on March 16, 2006 because plaintiff moved and left no forwarding address.  Plaintiff has had ample opportunity to respond to the court's orders and explain her lack of participation in this case, but she has not filed any pleadings or otherwise participated in the case since her attorney withdrew.

The court finds that all three factors weigh in favor of dismissing plaintiff's case.  First, while plaintiff will be prejudiced by dismissal of her case, she has made no effort to participate in the case since November 2006.  The pleadings indicate that plaintiff had notice of the appointments she did not keep; plaintiff's counsel actually secured in writing that plaintiff would appear for her deposition and had her sign off on a letter advising her of her independent medical examination and deposition times.  Second, plaintiff has interfered with the judicial process by failing to participate in discovery or respond to defendant's

motion or the court's order. The date for completing the independent medical examination has passed, as has the discovery deadline. As a result of plaintiff's inactivity, the court has entered a stay of proceedings. Third, the court finds that plaintiff is culpable for her failure to respond to the court's order and participate in this case. Again, the record indicates that plaintiff had notice of her skipped appointments. And even though the court's first order to show cause apparently reached plaintiff after the deadline for responding, plaintiff made no effort to ask for additional time or otherwise notify the court that she wished to contest defendant's motion. The court then entered a second show cause order that was returned as undeliverable. The responsibility lies with plaintiff to keep her contact information current with the court. *See* D. Kan. R. 5.1(c) ("Each attorney or party appearing *pro se* has a continuing duty to notify the clerk in writing of any change of address or telephone number."); *see also Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) (holding that a *pro se* litigant had the burden of changing his address under a similar District of Colorado local rule); *Stamper v. Parsons*, No. 01-3470-JWL, 2005 WL 82135, at *3 (D. Kan. Jan. 12, 2005) (holding that the plaintiff was responsible for updating his mailing address). For these reasons, the court finds that sanctions in the form of dismissal without prejudice are appropriate. The court will not impose the conditions on refiling that defendant requests at this time.

If plaintiff disagrees that her conduct in this case warrants the severe sanction of dismissal, plaintiff may file a motion to alter or amend judgment in accordance with the Federal Rules of Civil Procedure. If plaintiff demonstrates a valid reason why sanctions are not appropriate, the court may reopen the case with appropriate conditions governing plaintiff's participation.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Dismissal as Discovery Sanction (Doc. 18) is granted in part. Although the court does not reach whether the case should be dismissed as a

-3-

discovery sanction, the court dismisses the case without prejudice as a sanction for failure to prosecute.


Dated this __26th__ day of March 2007, at Kansas City, Kansas.

 \s\ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**